LAW OFFICE OF MATSON KELLEY
A Limited Liability Company

MATSON KELLEY   8129
ALEX WILKINS      10276
Wailuku Executive Center
24 N. Church Street, Suite 202
Wailuku, Hawaii 96793
Telephone: (808) 244-4994
Facsimile: (808) 948-7344

Attorneys for Plaintiff
JOHN TOMBERLIN

FILED
2017 DEC -6 AM 10: 49
D. PELLAZAR, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JOHN TOMBERLIN, <br><br> Plaintiff, <br><br> vs. <br><br> <u>COSTCO WHOLESALE CORPORATION,</u> a foreign profit corporation; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE NON-PROFIT CORPORATIONS 1-5 AND DOE GOVERNMENTAL AGENCIES 1-5, <br><br> Defendants. | CIVIL NO. 17-1-0504 (2) <br> (Other Non-Vehicle Tort) <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

COMES NOW Plaintiff JOHN TOMBERLIN ("Mr. Tomberlin" or "Plaintiff"), by and through his counsel the Law Office of Matson Kelley, and hereby submits the following Complaint against Defendants COSTCO WHOLESALE CORPORATION, a foreign profit corporation; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE NON-PROFIT CORPORATIONS 1-5 AND DOE GOVERNMENTAL AGENCIES 1-5 ("Defendants"), and complains and alleges as follows:

I hereby certify that this is a full, true and correct copy of the Original

_____
Clerk, Second Circuit Court

EXHIBIT "A"

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This lawsuit seeks compensation for the serious personal injuries and financial losses suffered by Plaintiff as a result of Defendants' negligent maintenance of their premises.

2. Plaintiff JOHN TOMBERLIN is a resident of the County of Maui, Second Judicial Circuit, State of Hawaii.

3. At all times relevant herein, Defendant COSTCO WHOLESALE CORPORATION is a foreign profit corporation doing business in the County of Maui, Second Judicial Circuit, State of Hawaii.

4. Plaintiff has diligently and in good faith attempted to ascertain the names and identities of possible Defendants whose identities are presently unknown to Plaintiff. Such attempts include obtaining an applicable police report or any incident report made as a result of the occurrence complained of and contacting all presently known witnesses to the said occurrence. Despite the foregoing, the identity of other defendants, whose conduct may have been a substantial factor or a proximate cause of Plaintiff's damages and losses, remains unknown to Plaintiff. Plaintiff alleges, on information and belief, that directly or indirectly, the conduct of other Defendants, presently unknown to Plaintiff, was or may have been a cause of the occurrence complained of, and/or the damage or loss thereby sustained by Plaintiff, as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for said injuries and losses sustained inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

5. At all times relevant herein, Defendants, or any of them, managed, controlled, maintained, or otherwise had some control over the premises in question which caused Plaintiff's injury.

EXHIBIT "A"

6. Jurisdiction of this court is sought under Hawaii Revised Statutes (HRS) §634-35.

## FACTUAL ALLEGATIONS

7. At all relevant times, Defendants were responsible for maintenance of the floor in the public areas of the Costco Wholesale store located at 540 Haleakala Hwy, Kahului, HI 96732 ("store").

8. On or about March 19, 2017, at approximately 2:15 p.m., Mr. Tomberlin was shopping at the store when he slipped due to clear liquid on the floor and fell to the ground.

9. Mr. Tomberlin suffered long term and permanent injury due to his fall.

10. The conduct of Defendants, or any of them, was negligent.

11. As a direct, proximate and/or legal cause of Defendants' negligence, or that of any of them, Mr. Tomberlin has sustained permanent and severe physical injury, emotional distress of a continuing nature, loss of income, diminution of enjoyment of life, medical expenses, and other damages all in excess of the jurisdictional limit of this Court as well as such other damages as shall be proved at time of trial.

12. Defendants knew or should have known that the condition of the floor was a dangerous condition and they failed to adequately protect from injury persons who could reasonably be foreseen to be walking on the floor.

13. In the neglected maintenance of the premises, Defendants failed to adequately protect persons within its premises from injury.

14. Defendants knew or should have known that the use of their premises, and the condition due to lack of maintenance, did not adequately protect persons from injury.

15. The actions of the Defendants individually and in concert, as alleged herein, were negligent and subject to joint and severable liability.

16. The negligence of Defendants was a substantial factor in causing the injuries and losses sustained by Plaintiff. Such injuries and losses include, but are not limited to, loss of mobility, loss of income, loss of enjoyment of life, and pain and suffering.

WHEREFORE, upon a trial hereof, Plaintiff requests a judgment against Defendants, jointly and severally, for special damages and general damages as shall be proven, together with prejudgment interest, attorney's fees and costs, and for such other relief as may be deemed appropriate pursuant to Rule 54 of the Hawai'i Rules of Civil Procedure.

DATED: Wailuku, Maui, Hawaii, November 15, 2017.

                    MATSON KELLEY
                    ALEX WILKINS
                    Attorneys for Plaintiff
                    JOHN TOMBERLIN

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| JOHN TOMBERLIN,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a foreign profit corporation; JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE NON-PROFIT CORPORATIONS 1-5 AND DOE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO.<br>[Other Non-Vehicle Tort]<br><br>SUMMONS |

## SUMMONS

To the Named Defendant:

You are hereby summoned and required to file with the Court and serve upon Plaintiff's attorney Matson Kelley, whose address is 24 N. Church Street, Suite 202, Wailuku, HI 96793, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to make your answer within the twenty (20)-day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m., on premises not open to the general public, unless a judge of the District or Circuit Courts permits, in writing on the summons, personal delivery during those hours.

If you fail to obey this summons this may result in an entry of default and default judgment.

DEC - 5 2017

DATED:   Wailuku, Maui, Hawaii _____.

/sgd/ D. PELLAZAR (seal)

CLERK OF THE ABOVE-ENTITLED COURT

5

EXHIBIT "A"